**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ENGLAND; JULIANNA ENGLAND, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; POLICE OFFICER JENNINGS, LVMPD #6178; POLICE OFFICER CLARK, LVMPD #6240, <br><br> Defendants - Appellees. | No. 09-16724 <br><br> D.C. No. 2:07-cv-01238-PMP-GWF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

During an altercation at the McCarran Airport in Las Vegas, Nevada, Mark England ("England") was beaten with a baton by Las Vegas Metropolitan Police Department Officer Jason Jennings and tased three times by Officer Gary Clark. England and his wife, Julianna England, brought suit under § 1983 against Jennings, Clark, the Las Vegas Metropolitan Police Department, and several unnamed defendants (collectively, "Las Vegas"), raising federal claims for violations of § 1983, and state claims for negligence, assault and battery, intentional infliction of emotional distress, *respondeat superior* for torts, loss of consortium, and negligent hiring, retention, training, and supervision. The district court granted Las Vegas's motion for summary judgment on all of the Englands' claims. In a separate order, the magistrate judge imposed sanctions on England because he failed to appear for his deposition. The Englands appeal both the summary judgment order and the imposition of sanctions. We affirm the district court's summary judgment order in part, reverse in part, and vacate in part; we affirm the imposition of sanctions.

Because this case comes to us on Las Vegas's motion for summary judgment, we must draw all reasonable inferences in favor of the Englands and, where disputed issues of material fact exist, assume the version of the material facts asserted by the Englands to be correct. *See Mattos v. Agarano*, 661 F.3d 433,

439 (9th Cir. 2011) (en banc), *petitions for cert. filed*, 80 U.S.L.W. 3517 (U.S. Jan. 11, 2012) (No. 11-1032), 80 U.S.L.W. 3457 (U.S. Jan. 17, 2012) (No. 11-898), 80 U.S.L.W. 3517 (U.S. Feb. 21, 2012) (No. 11-1045), --- U.S.L.W. ---- (U.S. Mar. 22, 2012) (No. 11-1165). Because England chose not to appear for his deposition, we are left with his March 26, 2007 written statement, which was adopted in his answer to interrogatories without objection by the defendants, as his version of the events. England's version of the incident differs substantially from that of Jennings in many important respects, including England's demeanor.

1. We conclude that, based on England's limited version of events, there are material issues of fact on the present record as to whether Jennings's conduct constituted excessive force. According to England's version of the events, Jennings struck England with his baton three times as a result of England's behavior near a Transportation Security Administration checkpoint. If England's version of the events is true, a jury could find that Jennings did not have sufficient reason, under the circumstances, to use the force that he did. *See Young v. County of Los Angeles*, 655 F.3d 1156, 1166–67 (9th Cir. 2011); *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc).

We also hold that, based on England's version of the facts before us, there is a material issue as to whether existing case law would have put Jennings on notice

3

that his alleged actions constituted a Fourth Amendment violation. When the incident at issue occurred, baton use had already been recognized as a form of intermediate force. *See Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1196 (9th Cir. 2000), *vacated and remanded on other grounds*, 534 U.S. 801 (2001); *see also Young*, 655 F.3d at 1168.

2. We also conclude that a material issue of fact exists on the present record as to whether Officer Clark acted reasonably as a matter of law. Adopting England's limited version of the events, and drawing all inferences in his favor, a reasonable jury could conclude that Clark's second and third tases exceeded the amount of force justified under the circumstances. *See Mattos*, 661 F.3d at 445–46. At the time the incident occurred, however, the law governing taser usage was not yet clearly defined. *See id.* at 448; *Bryan v. MacPherson*, 630 F.3d 805, 833 (9th Cir. 2010). We therefore agree with the district court that Clark is entitled to qualified immunity under the second prong of *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

3. The district court relied on its excessive force decision in resolving the Englands' negligence, assault and battery, *respondeat superior* for torts, and loss of consortium claims. Because we conclude that the district court erred in granting summary judgment with regard to the excessive force issue on the current record,

we vacate its resolution of these claims.  We affirm, for the reasons set forth in the district court's opinion, the grant of summary judgment against the Englands' § 1983 municipal liability, § 1983 conspiracy, intentional infliction of emotional distress, and negligent hiring, retention, training, and supervision claims.

4.  Finally, we conclude that the magistrate judge did not abuse his discretion when he sanctioned England for failing to appear at his deposition.  *See* Fed. R. Civ. P. 37(d).

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

**Costs on appeal awarded to Plaintiff-Appellant.**